## McDonald v. Whitehurst et al.

*(Circuit Court, E. D. Virginia. October 19, 1891.)*

RIPARIAN LANDS—DEED TO HIGH-WATER MARK—WHAT PASSES.
A conveyance of riparian lands by metes and bounds, which on the river side are substantially coincident with high-water mark, carries, under Code Va. § 1339, all the right of the grantor to the strip lying between high and low water mark.

In Equity. Bill to quiet title.
*Tunstall & Thom* and *Sharp & Hughes*, for complainant.
*Walke & Old* and *Edward Spalding*, for defendants.

HUGHES, J. The complainant owns a piece of land on Elizabeth river, near Norfolk. The deed to him was a conveyance by metes and bounds, which on the river side were substantially coincident with the high-water line, one station being described as a stake at high-water mark of the Elizabeth river. Fifteen years after conveying to him, his grantors made another deed, conveying to defendants the strip of land lying between the high and low water lines of the river. The bill in this suit is brought to quiet complainant's title to this strip of land.

The general propositions may be accepted as true—*First*, that when lands are granted by metes and bounds, all the area within those bounds, and no more, passes; *second*, that fixed and permanent monuments control courses and distances where there is a discrepancy between these latter and those indicated by the monuments; *third*, that only the land described in a deed by metes and bounds can be acquired by a grantee, and not lands outside of such description, by way of appurtenance and accession. But, like all general propositions, however sound, these are

open to exceptions. The evident intention of the parties to a deed is often held to override the literal purport of the terms of description employed by its draughtsman. In short, the propositions which have been stated are not arbitrary or inexorable, and will often be modified by the courts, even in respect to lands surrounded on all sides by other lands.

But there is a very important class of cases in which these propositions are not enforced, except in instances in which it appears to have been the obvious intention of the parties to deeds that they should be. I allude to the class of cases relating to lands bordering on streams or rivers. In such cases "it may be considered as a canon of American jurisprudence that, where the calls in a conveyance of land are for two corners at, in, or on a stream, or its bank, and there is an intermediate line extending from one such corner to the other, the stream is the boundary." *St. Clair Co.* v. *Lovingston*, 23 Wall., at page 64. This language is used by the supreme court generally of lands lying on streams, without reference to the question whether the deeds conveying them expressly call for the streams or not. If, as in the case at bar, it appears from the evidence that the land does in fact lie on a stream, the canon of law applies, whether the deed expressly declares that fact or not. In the case at bar the law, as thus established by the adjudications of courts, gives the complainant a boundary coincident with the high-water line of Elizabeth river; and this right to the line of high water is supplemented by the statute law of Virginia, (section 1339, Code,) which gives to owners of lands lying on the bays, rivers, creeks, and shores of the sea in the commonwealth exclusive rights and privileges in such lands down to the line of low tide. I think the case at bar is governed by the decision on this point of the supreme court of Virginia in the case of *French* v. *Bankhead*, as announced on pages 159, 160, and 164 of 11 Grat., and by the decision of the supreme court of the United States in *St. Clair Co.* v. *Lovingston*, 23 Wall. 46–64.

I will sign a decree in accordance with the prayer of the bill.